# United States District Court
## District of New Jersey

RECEIVED
JAN 1 1 2006
WILLIAM T. WALSH, CLERK

UNITED STATES OF AMERICA          :

v.                                :    **CRIMINAL COMPLAINT**

JAYSON MALDONADO                  :    Magistrate No. 06-6007

I, Rudy Mews, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. From in about December, 2003, to in or about December, 2004 in the District of New Jersey, and elsewhere, defendant did:

> knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, specifically the transfer, delivery, and other disposition of United States currency, involving the proceeds of specified unlawful activity, namely the distribution of controlled substances

in violation of Title 18, United States Code 1956(a)(1)(B)(I) and (2).

I further state that I am a Special Agent with the Drug Enforcement Administration and that this complaint is based on the following facts:

SEE ATTACHMENT A

_/s/ Rudy Mews_
Rudy Mews
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

1/11/06                    at       Newark, New Jersey
Date                                City and State

                                    _/s/_
                                    Signature of Judicial Officer

Hon. Ronald J. Hedges
United States Magistrate Judge

## ATTACHMENT A

I, Rudy Mews, am a Special Agent of the Drug Enforcement Administration ("DEA"), and I am fully familiar with the facts set forth herein based on my own investigation and my conversations with other agents, and members of the law enforcement community and my review of their reports and of items of evidence. Where statements of others are related herein, they are related in substance and in part. Since this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about he date alleged. Based upon my investigation and discussions with other individuals involved in this investigation, as well as information obtained from other law enforcement officers, I have knowledge of the following facts:

1. In or about December 2003, a shipment of cocaine weighing approximately 50 kilograms was transported from Puerto Rico to New Jersey. According to a confidential source (hereinafter "CS") who had first-hand knowledge of the transaction, an individual known to the CS received this shipment and a large portion of the shipment was then given to defendant JAYSON MALDONADO (hereinafter "defendant MALDONADO") for the purpose of distribution by defendant MALDONADO in the Jersey City, New Jersey area.

2. In or about February 2004, a second shipment of cocaine weighing approximately 50 kilograms was transported from Puerto Rico to New Jersey. The same individual known to the CS received this shipment and once again defendant MALDONADO was provided with a large portion of the shipment for the purpose of distribution by defendant MALDONADO in the Jersey City, New Jersey area.

3. In or about January 2004, defendant MALDONADO purchased three motor vehicles, a 2002 Lexus, a 1999 Chrysler Concorde, and a 2001 Nissan Quest from a New Jersey car dealer. Records show that defendant Maldonado paid in excess of $20,000 in cash for the three vehicles and according to the CS, in addition to the cash, defendant Maldonado gave over a kilogram of cocaine as partial payment for the 2002 Lexus.

4. In or about January 2004, defendant MALDONADO purchased real property located at 366 Woodlawn Avenue, Jersey City, NJ for a purchase price of $290,000. In furtherance of that transaction, and in order to obtain a mortgage from a financial institution, defendant MALDONADO submitted and attested to false statements, including false employment information and false information regarding the source of funds used for the down payment on the property, which totaled approximately $58,000. A substantial portion of the money used in the purchase of this property were proceeds from unlawful activity, namely the distribution of controlled substances.

5. On or about March 4, 2004, shortly after the arrival of the second 50 kilogram shipment, the DEA seized approximately $284,000 in United States Currency from two safes belonging to defendant MALDONADO located in a house to which defendant MALDONADO had access and which he used to store drug proceeds.

2

6. In or about November 2004, defendant MALDONADO purchased real property located at 420 Bouchelle Drive, New Smyrna Beach, Florida for a purchase price of $245,000. In furtherance of that transaction, and in order to obtain a mortgage from a financial institution, defendant MALDONADO submitted and attested to false statements, including false employment information and false information regarding the source of funds used for the down payment on the property, which totaled approximately $51,600. A substantial portion of the money used in the purchase of this property were proceeds from unlawful activity, namely the distribution of controlled substances.

7. In or about December 2004, defendant MALDONADO purchased real property located at 53 Cator Avenue, Jersey City, NJ for a purchase price of $300,000. In furtherance of that transaction, and in order to obtain a mortgage from a financial institution, defendant MALDONADO submitted and attested to false statements, including false employment information and false information regarding the source of funds used for the down payment on the property, which totaled approximately $60,000. A substantial portion of the money used in the purchase of this property were proceeds from unlawful activity, namely the distribution of controlled substances.

8. Official tax records signed and submitted by defendant MALDONADO for tax years 2003 and 2004 indicate that defendant MALDONADO earned a total of approximately $28,000 and $42,000 respectively in gross income..